IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO MENDOZA ESCOBAR,

    Petitioner,

v.                                                                                                                          1:26-cv-00139-KG-KRS

PAMELA BONDI, et al.,

    Respondents.

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Francisco Mendoza Escobar's motion for emergency injunctive relief. *See* Doc. 1. On January 26, 2026, the Court notified the Government by email of a hearing on the injunctive relief. The Court held the hearing on January 29, but the Government did not appear. As of the date of this Order, the Government has not filed a written response. Although Mr. Mendoza Escobar's petition does not expressly address the Rule 65 factors, his counsel addressed those factors on the record at the hearing. Draft Tr. at 5–6.[1] For the reasons below, the Court issues a Temporary Restraining Order ("TRO") requiring the Government to release Mr. Mendoza Escobar immediately.

### I.    Background

Mr. Mendoza Escobar is a Mexican citizen who entered the United States in 1999 without inspection. Doc. 1 at 4. He has no criminal history. *Id*. He has a partner of 24 years and is the father of three U.S.-citizen children, two of whom are minors. *Id.*; Draft. Tr. at 4.

On October 17, 2025, ICE officers arrested Mr. Mendoza Escobar in Chicago as he was

---

[1] The Court's citation to the hearing transcript refers to the court reporter's original, unedited version. Any final transcript may contain some differences in page and line numbers.

working as a landscaper. *Id.* at 2. The officers did not present him with a warrant. *Id.* at 4. He is currently detained at the Torrance County Detention Facility and his "removal proceedings remain pending." *Id.* at 4, 9.

Mr. Mendoza Escobar claims his detention violates the Immigration and Nationality Act ("INA") and his Fifth Amendment due process rights. *See id.* at 14–16. He seeks a TRO directing the Government to release him, or, alternatively, "to conduct a full and fair bond hearing to ensure his due process rights." *Id.* at 2.

## II.    *Standard of Review*

A TRO "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). The status quo is "the last peaceable uncontested status…before the dispute developed." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 798 n.3 (10th Cir. 2019). A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "[A]ll four of the equitable factors weigh in" the petitioner's favor, *Sierra Club. v. Bostick,* 539 Fed. App'x 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm factors are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018). "[R]egardless of whether or not notice is provided," a TRO "should not exceed the maximum time allowed by" Rule 65, which is 28 days, "absent consent of the opposing party." *Isler v. New Mexico Activities*, 2010 WL 11623621, at *3 (D.N.M.).

### III. Analysis

For the reasons below, the Court concludes that (A) Mr. Mendoza Escobar is likely to succeed on the merits of his habeas petition, (B) he will suffer irreparable harm without injunctive relief, and (C) the balance of equities and the public interest favor relief.

### A. *Mr. Mendoza Escobar is likely to succeed on the merits of his petition.*

Mr. Mendoza Escobar has established a likelihood of success on the merits of his (1) statutory claim and (2) Fifth Amendment due process claim.

#### 1. *Mr. Mendoza Escobar is likely to succeed on his statutory claim.*

Mr. Mendoza Escobar is likely to succeed on his claim that his detention is governed by § 1226(a), not the mandatory detention provision of § 1225(b)(2)(A). The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States or has already entered the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and are "not clearly and beyond a doubt entitled to be admitted." In that circumstance, the statute provides that the noncitizen "shall be detained" during removal proceedings. § 1225(b)(2)(A). "This provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).

By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." § 1226(a). "Under federal regulations, noncitizens detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1. "Noncitizens who entered the country years earlier are not considered to be 'seeking admission,' and therefore fall under" § 1226(a), "rather than § 1225(b)(2)(A)." *Id.* at

\*3; *see also Barco Mercado v. Francis*, 2025 WL 3295903, at \*13 (S.D.N.Y. Nov. 26, 2025) (collecting over 300 district-court decisions nationwide).

Because Mr. Mendoza Escobar had already affected an entry and was not seeking admission at the time of his arrest, § 1226(a) governs his detention. Mr. Mendoza Escobar entered the United States in 1999 and was arrested inside the United States in Chicago. Doc. 3 at 3–4. He has affected an entry into the United States by living here for over two decades. Mr. Mendoza Escobar has therefore shown a strong likelihood of success on his statutory claim.

        2.     *Mr. Mendoza Escobar is likely to succeed on his constitutional claim.*

Mr. Mendoza Escobar has also met his burden of showing a likelihood of success on his due process claim. The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling here, Mr. Mendoza Escobar "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at \*5 (D.N.M.). His continued detention without such review "constitutes an ongoing violation of [his] right to due process." *Id.* Mr. Mendoza Escobar therefore meets his burden in demonstrating that he is likely to succeed on his due process claim.

4

### B.     *Mr. Mendoza Escobar will face irreparable harm without injunctive relief.*

Mr. Mendoza Escobar also met his burden of showing that his detention caused irreparable harm, as "infringement of a constitutional right" is per se irreparable harm. *Free the Nipple*, 916 F.3d at 805.

### C.     *The equities and public interest favor relief.*

Any burden on the Government to release Mr. Mendoza Escobar from custody and hold a pre-deprivation hearing is minimal compared to the harm that Mr. Mendoza Escobar is suffering in detention. "Faced with a choice between minimally costly procedures and preventable human suffering," the "balance of hardships tips decidedly in [P]etitioner's favor." *Singh v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal.); *see also Domingo*, 2025 WL 2941217, at *4 (same). The public interest also weighs in Mr. Mendoza Escobar favor; it is "not in the public's interest to allow unexplained detention." *Domingo*, 2025 WL 2941217, at *4.

## IV.    Conclusion

This TRO restores and preserves the status quo ante pending further proceedings. IT IS THEREFORE ORDERED that:

1. Mr. Mendoza Escobar's request for injunctive relief is GRANTED. *See* Doc. 1.
2. The Government is ORDERED to release Mr. Mendoza Escobar within 24 hours of this order. Upon release, the Government may not subject Mr. Mendoza Escobar to post-release monitoring or supervision not in place before his detention.
3. The Government is restrained from redetaining Mr. Mendoza Escobar unless it demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Mr. Mendoza Escobar is a danger or flight risk.

4. The Government may file a response no later than 10 business days from the date of this Order, addressing the merits of the habeas petition. Mr. Mendoza Escobar may file a reply within ten 10 days thereafter.

5. This order shall remain in effect for 28 days for good cause shown. *See* Fed. R. Civ. P. 65(b)(2).

6. Given the important constitutional rights at stake for Mr. Mendoza Escobar, the Court finds that no bond is required. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (providing district courts with "wide discretion under Rule 65(c)" to determine "whether to require security").

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.