IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO MENDOZA ESCOBAR,

    Petitioner,

v.                                                                                   1:26-cv-00139-KG-KRS

PAMELA BONDI, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Francisco Mendoza Escobar's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7. Following a hearing, the Court issued a Temporary Restraining Order ("TRO") directing the Government to release Mr. Mendoza Escobar. Doc. 5. For the reasons below, the Court grants his habeas petition.

### I.    *Background*

Mr. Mendoza Escobar is a Mexican citizen who entered the United States in 1999 without inspection. Doc. 1 at 4. He has no criminal history. *Id*. He has a partner of 24 years and is the father of three U.S.-citizen children, two of whom are minors. *Id.*; Draft. Tr. at 4. [1]

On October 17, 2025, ICE officers arrested Mr. Mendoza Escobar in Chicago as he was working as a landscaper. *Id.* at 2. The officers did not present him with a warrant. *Id.* at 4. He is currently detained at the Torrance County Detention Facility and his "removal proceedings remain pending." *Id.* at 4, 9.

Mr. Mendoza Escobar claims his detention violates the Immigration and Nationality Act

---

[1] The Court's citation to the hearing transcript refers to the court reporter's original, unedited version. Any final transcript may contain some differences in page and line numbers.

("INA") and his Fifth Amendment due process rights. *See id.* at 14–16. He seeks release or, alternatively, "a full and fair bond hearing to ensure his due process rights." *Id.* at 2.

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    Analysis

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Mr. Mendoza Escobar's detention, and (B) Mr. Mr. Mendoza Escobar's detention violates his right to due process.

### A.     Section 1226 governs Mr. Mendoza Escobar's detention.

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here.  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.).  Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States."  In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added).  Noncitizens "seeking admission" are those who have not "effected an entry" into the United States.  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A).  *Pu Sacvin*, 2025 WL 3187432, at *3.  The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission."  *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.).  However, the Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Mr. Mendoza Escobar's detention.  ICE arrested him 27 years after his initial entry into the United States and did not apprehend him at or near the border.  Doc. 1 at 4.  Accordingly, § 1225's mandatory detention provision does not apply because Mr. Mendoza Escobar effected an entry into the United States by living here for nearly three decades.  *Pu Sacvin*, 2025 WL 3187432, at *3.

B.  *Mr. Mendoza Escobar's detention violates his right to due process.*

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to

deprive that interest "accord with the Constitution." *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.). Here, Mr. Mendoza Escobar has a protected liberty interest. After living in the United States for years, noncitizens acquire "a protectable liberty interest in remaining out of custody on bond." *Danierov*, 2026 WL 45288, at *2. Mr. Mendoza Escobar's freedom allowed "him to do a wide range of things," including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life." *Id.* Indeed, Mr. Mendoza Escobar has a partner of 24 years and is the father of three U.S.-citizen children. Doc. 1 at 4.

Mr. Mendoza Escobar was also entitled to procedural safeguards before he was detained. In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). To start, Mr. Mendoza Escobar's private interest in remaining free from detention is substantial. "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

There is also a significant risk of erroneous deprivation. Although DHS may revoke a noncitizen's freedom "at any time," courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before detaining them. *Danierov*, 2026 WL 45288, at *2. ICE detained Mr. Mendoza Escobar without a bond hearing. Doc. 2 at 3. Because no assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest.

Finally, the Government's interest in detaining Mr. Mendoza Escobar's without a hearing is limited, and the administrative burden of providing a bond hearing is minimal. *See*

*Danierov*, 2026 WL 45288, at *2 (the "cost of providing a bond determination is not terribly burdensome").

### IV.   Conclusion

The Court grants Mr. Mendoza Escobar's Petition for Writ of Habeas Corpus, Doc. 1. The Court previously ordered his release pursuant to a temporary restraining order, Doc. 5.  The Court now enjoins the Government from re-detaining Mr. Mendoza Escobar unless it provides an individualized bond hearing before an Immigration Judge under § 1226(a).

The Government shall file a status report within ten business days of this Order confirming that it has released Mr. Mendoza Escobar or, alternatively, that it has provided him with an individualized bond hearing.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.